Arshalous **BALTOYAN**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 04–76385.

Agency No. A95–448–861.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 15, 2006.

Reynold E. Finnegan, Esq., Finnegan & Diba, a Law Corporation, Los Angeles, CA, for Petitioner.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department Of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Alan G. Burrow, Esq., Office of the U.S. Attorney, Boise, ID, for Respondent.

Before CANBY, BEEZER, and KOZINSKI, Circuit Judges.

### MEMORANDUM **

Arshalous Baltoyan, a native of Abkhazia and citizen of Russia, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen and affirming an immigration judge's ("IJ") order denying her applications for .asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the BIA's factual determinations, *Andriasian v. INS*, 180 F.3d 1033, 1040 (9th Cir.1999), and review the BIA's denial of a motion to reopen for abuse of discretion, *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000). We deny the petition for review.

■ Substantial evidence supports the IJ's finding that, even if Baltoyan timely filed an asylum application, she is not eligible for asylum or withholding of removal because she was not persecuted and her fear of future persecution is not objectively reasonable. The incidents Baltoyan described of Cossacks breaking in to her home, Cossacks tipping over her basket at the market and hitting her in the head, Cossacks refusing to pay for a meal at her restaurant and ripping her shirt, and police detaining her for three days and hitting her once, considered alone or in com-

bination, do not compel a finding that she was persecuted or has an objectively reasonable fear of persecution. *See Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir.1995) (finding no past persecution or well-founded fear of future persecution where the petitioner was arrested, detained for four to six hours and beaten, and private citizens threw stones at his house and attempted to steal property).

■ Substantial evidence also supports the IJ's finding that, even if Baltoyan established past persecution, the presumption that she has a well-founded fear of future persecution would be rebutted because her similarly-situated family members relocated within Russia and have remained unharmed. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 999 (9th Cir.2003).

Substantial evidence also supports the IJ's denial of Baltoyan's CAT claim because she failed to show it was more likely than not she would be tortured if she were removed to Russia. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001).

The BIA acted within its broad discretion in denying Baltoyan's motion to reopen because, although Baltoyan's new evidence was relevant to the IJ's one-year bar determination, the country condition report she submitted did not overcome the IJ's alternative finding that she was not eligible for asylum. *See Mendez–Gutierrez v. Ashcroft*, 340 F.3d 865, 869–70 (9th Cir.2003) (the BIA may deny a motion to reopen if an applicant has not established a prima facie case for the underlying substantive relief sought).

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.